IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SEKOU RUDOLPH, #220674, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:17-CV-287-WHA |
| | ) (WO) |
| | ) |
| WALTER MYERS, et al., | ) |
| | ) |
| Defendants. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Sekou Rudolph, an indigent state inmate, on May 4, 2017. In the complaint, Rudolph asserts that Dr. Robert Kean, a free-world oral surgeon, acted with deliberate indifference in the extraction of a wisdom tooth, tooth number 17, on November 30, 2015. He further alleges that Dr. Marvin West, the dentist at Bullock Correctional Facility, denied him adequate post-operative treatment.

Pursuant to the orders of this court, the defendants filed special reports supported by relevant evidentiary materials, including affidavits and dental records, in which they address the claims for relief presented by Rudolph. The reports and evidentiary materials refute the self-serving, conclusory allegations presented by Rudolph. Specifically, the defendants assert, and the documented evidence demonstrates, that the defendants did not act with deliberate indifference to Rudolph's dental needs. Instead, the undisputed dental records compiled contemporaneously with the treatment provided to Rudolph indicate he

received necessary and appropriate treatment with respect to removal of his wisdom tooth in November of 2015 and post-operative treatment.

In light of the foregoing, the court issued an order directing Rudolph to file a response to the defendants' written reports. Doc. No. 30. The order advised Rudolph that his failure to respond to the reports filed by the defendants would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." *Id*. at 2 (emphasis in original). Additionally, the order "**specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action. *Id*. (emphasis in original). The time allotted Rudolph for filing his response to the defendants' written reports expired on January 10, 2018. As of the present date, Rudolph has failed to file a requisite response. The court therefore concludes that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. *See Abreu-Velez v. Bd. of Regents of Univ. System of Ga.*, 248 F. App'x 116, 117–18 (11th Cir. 2007). After such review, the court finds that dismissal of this case is the proper course of action. Initially, the court notes that Rudolph is an indigent individual and, therefore, the imposition of monetary or other punitive sanctions against him would be ineffectual. Moreover, Rudolph's inaction in the face of the defendants' reports and evidence suggests a loss of interest in the continued prosecution of this case. Finally, the undisputed evidentiary materials submitted by the defendants demonstrate that no violation of the Constitution occurred, i.e., the defendants have not acted with deliberate

indifference to Rudolph's dental needs. Thus, it appears that any additional effort by this court to secure compliance by Rudolph would be unavailing and a waste of this court's scarce resources.

Based on the foregoing, the court concludes that Rudolph's abandonment of his claims and his failure to comply with an order of this court warrant dismissal. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, where a litigant has been forewarned dismissal for failure to obey a court order is not an abuse of discretion). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and is acknowledged, but not limited, by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority gives the courts the power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla*., 864 F.2d 101, 102 (11th Cir. 1989) ("The sanctions imposed can range from a simple reprimand to an order dismissing the action with or without prejudice.").

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice.

On or before **February 22, 2018,** the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the

provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

    DONE this 8th day of February, 2018.

                                        /s/   Wallace Capel, Jr.
                            CHIEF UNITED STATES MAGISTRATE JUDGE